IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | 2:06-cr-263-MEF |
| ) | |
| **JEANETTE CLARK, et. al.** ) | |

### MOTION TO CONTINUE PRE-TRIAL CONFERENCE

COMES NOW the defendant, Jeanette Clark, by and through counsel, and respectfully moves the Court to continue the pretrial conference set for December 18, 2006 in the above-captioned cause, or in the alternate, allow for undersigned counsel to appear telephonically. As grounds, the defendant states:

1. Undersigned counsel is scheduled to be in trial in Andalusia, Alabama on another matter.

2. Additionally, undersigned counsel has not had the opportunity to speak with the attorney for the United States about the case.

3. The government recently proffered additional discovery and undersigned counsel has not had time to conduct an independent investigation of the facts of the case, to assess the existence of viable defenses, or to fully research the applicable law, all of which counsel must do in order to competently advise the defendant of whether she should plead guilty and what would constitute a reasonable plea bargain given the facts and circumstances of his case. As a result, although she may wish to plead guilty, Mrs.

        Clark will be unable to inform the government of her intent to plead guilty prior to the pre-trial conference, as required by U.S.S.G. 3E1.1(b).

4. The United States Sentencing Guidelines require that the defendant inform the government of his intent to enter a plea of guilty before the first pretrial conference in order to obtain a three-level downward departure for acceptance of responsibility. See U.S.S.G. 3E1.1(b).

5. Undersigned counsel has not had time to conduct an independent investigation of the facts of the case, to assess the existence of viable defenses, or to fully research the applicable law, all of which counsel must do in order to competently advise the defendant of whether she should plead guilty and what would constitute a reasonable plea bargain given the facts and circumstances of his case. As a result, although she may wish to plead guilty, Mrs. Clark will be unable to inform the government of her intent to plead guilty prior to the pre-trial conference, as required by U.S.S.G. 3E1.1(b).

6. In addition, counsel will be unable to inform the court on December 18, 2006, as to whether this case will proceed to trial, how long such a trial would take, and what pretrial litigation and other matters need to be scheduled ahead of trial.

7. Accordingly, it would serve the interests of efficiency, justice, and due process to continue the pre-trial conference to a later date.

WHEREFORE, based upon the above-stated grounds, the defendant respectfully requests a continuance of the December 18, 2006, pre-trial conference.

Respectfully submitted, this the 15th day of December, 2006.

/s/ Tiffany B. McCord
TIFFANY B. MCCORD (ASB-3669-F69M)
Law Office of Tiffany B. McCord
505 S. Perry Street
Montgomery, AL 36104
(334) 356-6529
(334) 263-4766
tmcdmc@netzero.com

3

**CERTIFICATE OF SERVICE**

   I hereby certify that on August 8, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Ms. Tommie Brown Hardwick, Ms. Marion Chartoff, and the Federal Defender Program.

               <u>/s/ Tiffany B. McCord</u>
               TIFFANY B. MCCORD (ASB-3669-F69M)
               Law Office of Tiffany B. McCord
               505 S. Perry Street
               Montgomery, AL 36104
               (334) 356-6529
               (334) 263-4766
               tmcdmc@netzero.com